UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH JEROME PACKNETT,

Plaintiff,

v.

DR. FERNAND ALVAREZ, et al.,

Defendants.

Case No.  15-cv-01229-YGR (PR)

**ORDER TRANSFERRING CERTAIN CLAIMS TO SOUTHERN AND CENTRAL DISTRICTS; SERVING COGNIZABLE CLAIMS; AND DISMISSING REMAINING CLAIMS**

**INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at the R. J. Donovan Correctional Facility ("RJDCF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that Defendants violated his constitutional rights while he was housed at San Quentin State Prison ("SQSP") from November through December 2012.  Plaintiff, who claims he suffers from mobility impairment and severe back disorder, alleges numerous claims stemming from his November 2012 sub-facility transfer from H-Unit Facility B to South Block without any classification committee hearing prior to the transfer.  The alleged constitutional violations at SQSP ended on December 26, 2012, which is the date that Plaintiff was transferred from SQSP to RJDCF, with layovers at the California Training Facility and the California Institution for Men ("CIM").  Plaintiff seeks monetary and punitive damages as well as declaratory relief.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to some of the claim are alleged to have occurred at SQSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at SQSP: Doctors Fernand Alvarez and Alison Pachynski; Correctional Counselors B. Martin and F. Gray; Acting Facility Captain V. Wiggins; Classification Staff Representative B. Powell; Appeals Coordinators S. Hays and M. L. Davis.  He also names the following Defendants at CIM: Associate Warden D. King; Chief Deputy Warden M. M. Hill; Appeal Examiner R. Briggs; and Warden "John Doe."  Finally,

he names the following Defendants in relation to his claims at RJDCF: Warden Daniel Paramo; Doctors G. Casian, K. Seeley, Robert Medrano and J. Nickolic; Third Level of Appeals Chief J. D. Lozano; and Office of Appeals Chief L. D. Zamora.

## DISCUSSION

### I.    STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### II.    LEGAL CLAIMS[1]

#### A.    Claims Against Defendants at CIM and RJDCF (Claims 11, 12, 13, 15, 16)

Plaintiff complains of various problems during his incarceration at CIM, which is where he was housed during a layover in his transfer from SQSP to RJDCF. Because CIM is located within the venue of the Central District of California, these claims are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the Eastern Division of the United States District Court for the Central District of California.[2] *See In re Hall*, 939 F.2d 802, 804 (9th Cir.

---

[1] Plaintiff lists sixteen causes of action. Dkt. 1 at 47-64. As indicated below, the Court has separated the causes of action against the CIM and RJDCF Defendants, and it has grouped together similar causes of action against the SQSP Defendants under the same subheading.

[2] Plaintiff sues "John Doe," the Warden at CMI, whose name he intends to learn through discovery. Dkt. 1 at 5. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Should Plaintiff learn "John Doe's" identity through discovery, Plaintiff should add him as a named defendant when filing the Central District action. *See Brass v. Cnty. of L.A.*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

United States District Court
Northern District of California

1991) (dismissal on venue grounds without prejudice).

Plaintiff also complains of various problems during his incarceration at RJDCF, which is where he is still currently incarcerated. Because RJDCF is located within the venue of the Southern District of California, these claims are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Southern District of California. *See id.*

**B.  Remaining Claims Against Defendants at SQSP**

**1.  Disability Discrimination Claim (Claims 1, 8, 10)**

Plaintiff alleges that he suffered discrimination on the basis of disability.

**a.  Cause of Action**

Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity. The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the plaintiff was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th 2001); 42 U.S.C. § 12132. A cause of action under Section 504 of the Rehabilitation Act essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 119 S. Ct. 2176, 2182 (1999); *Duvall*, 260 F.3d at 1135.

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

United States District Court
Northern District of California

3

### b.  Proper Defendants

As mentioned above, Plaintiff claims that he suffers from a mobility impairment and severe back disorder, and he claims that he is identified as a "handicapped person as set forth in the *Armstrong* Remedial Plan."[3]  Dkt. 1 at 4.  Plaintiff alleges that the aforementioned Defendants at SQSP discriminated against his disability by denying him "an individual determination under the *Armstrong* Remedial Plan in [the] H-Unit of Facility B, which required housing placement in an institution best suited to accommodate his medical needs."  *Id.*  Plaintiff adds that he is "otherwise qualified and prison officials['] action excluded him from participation in an H-Unit, Facility B Unit Classification Committee Hearing ("UCC"), prior to an improper sub-facility transfer and retaliatory prison to prison transfer."  *Id.*  He also alleges that Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell discriminated against his disability by exposing him to "an Extended Travel by State Transportation Bus" during which he was "injured" due to his "significant back disorder."  *Id.* at 57.

Plaintiff cannot bring an ADA or Section 504 action against individual officers, because the proper defendant in such actions is the public entity responsible for the alleged discrimination.  Nor can he bring a Section 1983 action against these Defendants based on allegedly discriminatory conduct.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").  Therefore, his disability discrimination claims against these Defendants are DISMISSED with prejudice.

The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs:  SQSP and the CDCR.  State correctional facilities are "public entities" within the meaning of the ADA.  *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124

---

[3] *Armstrong v. Brown*, Case No. C 94-2307 CW ("*Armstrong*"), is a class action in this district concerning disability accommodations for prisoners and parolees in the CDCR.  The *Armstrong* court-ordered Remedial Plan as amended January 3, 2001 ("*Armstrong* Remedial Plan") requires the CDCR "to ensure that prisoners and parolees with disabilities are accessibly housed, that they are able to obtain and keep necessary assistive devices, and that they receive effective communication regarding accommodations."  *Armstrong v. Brown*, Case No. 94-2307 CW, ECF No. 1974 (order filed January 13, 2012).

1    F.3d 1019, 1025 (9th Cir. 1997).  State prisons that receive federal financial assistance are covered

2    by the Rehabilitation Act.  *See Armstrong*, 124 F.3d at 1022-23; *see also Clark v. California*, 123

3    F.3d 1267, 1271 (9th Cir. 1997) (noting that the California prison system then accepted federal

4    funds and thus was covered by the Rehabilitation Act).

5          As state agencies, these entities are shielded from suit in federal court unless they waive

6    their sovereign immunity or Congress has validly abrogated their sovereign immunity in the

7    applicable statute.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  In *Bd. of Tr. of the*

8    *Univ. of Ala. v. Garrett*, the Supreme Court held that Congress did not have the power to abrogate

9    the States' Eleventh Amendment immunity under Title I of the ADA, but declined to reach the

10   question whether Congress validly abrogated the States' immunity as to Title II.  *See* 121 S. Ct.

11   955, 960 n.1 (2001).  The Court specifically noted that Title II has somewhat different remedial

12   provisions from Title I.  *Id.*  For purposes of initial review, the Court will assume that the

13   California prisons do not enjoy Eleventh Amendment immunity with respect to Plaintiff's ADA

14   claims.

15         As to the Rehabilitation Act, the Ninth Circuit has held that, "[b]ecause California accepts

16   federal funds under the Rehabilitation Act, California has waived any immunity under the

17   Eleventh Amendment" as to that Act's anti-discrimination provisions.  *See Clark*, 123 F.3d at

18   1271; *see also Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 819 (9th Cir.), *amended*, 271

19   F.3d 910 (9th Cir. 2001) (adhering to *Clark* after Supreme Court's decision in *Garrett*.)  Thus,

20   Plaintiff may only pursue claims for both money damages and prospective injunctive relief under

21   the Rehabilitation Act directly against the SQSP and the CDCR.

22         In sum, assuming Plaintiff has a valid disability discrimination claim, he may assert the

23   claim in an amendment to the complaint against SQSP and the CDCR, but not against any

24   individual defendants.

25                    **c.  Analysis of Claim**

26         While Plaintiff claims to be an individual with a disability under the federal statutes, he has

27   not alleged discriminatory conduct.  He alleges that the aforementioned Defendants denied him

28   certain benefits or "rights under the *Armstrong* Remedial Plan," but he does not allege that they

United States District Court
Northern District of California

5

did so because he was disabled.  Dkt. 1 at 47-48.  He does not allege that he was treated differently than similarly-situated nondisabled inmates and he does not allege that he was excluded from participation in a prison program or service because of his disability.  Therefore, while Plaintiff could have cognizable claims under the Eighth Amendment (as explained below), he does not appear to have a cognizable disability discrimination claim.

Plaintiff's ADA and Section 504 claims, therefore, are DISMISSED with leave to amend. Plaintiff may reassert the claims in an amendment to the complaint if he can in good faith allege that the prison discriminated against him on the basis of his "disability," and if he names the proper Defendants, as mentioned above.

### 2.  Eighth Amendment Claims (Claims 2, 3, 6, 10)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "[u]nnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he suffers from other serious medical needs, including his mobility impairment and severe back disorder.  Dkt. 1 at 4.  Plaintiff claims that Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell were deliberately indifferent to his serious medical needs for: increasing his mobility restrictions and causing his transfer from H-Unit Facility B to South Block without any classification committee hearing prior to the transfer (*id.* at 48-49), refusing to refer him for pain management consultation (*id.* at 49-50); rejecting his complaints of

United States District Court
Northern District of California

back pain (*id.* at 53-54); and exposing him to "extended travel by state transportation bus, where [he] was injured in a manner significantly more different from and greater tha[n] it would injure a non-disabled inmate, particularly, one with a significant back disorder" (*id.* at 57). Liberally construed, Plaintiff's allegations relating to the aforementioned actions state a cognizable claim for deliberate indifference to his serious medical needs against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell.

### 3. Conspiracy (Claim 5)

Plaintiff claims that Defendants Alvarez, Martin, Wiggins, and Gray "conspired against [him] by setting up an improper sub-facility transfer from H-[Un]it, without notice of the need to convene an H-Unit 3 member Classification Committee Hearing . . . ." Dkt. 1 at 52-53.

To establish a defendant's liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). "The defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *Id.* The agreement need not be overt and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. *See id.* To be liable, a participant in the conspiracy need not know the exact details of the plan, but must at least share the common objective of the conspiracy. *See id.* at 1302. "'[A] mere allegation of conspiracy without factual specificity is insufficient.'" *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (quoting *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)) (claims under 42 U.S.C. § 1985(3)).

Here, as discussed above with respect to the Eighth Amendment claim against the aforementioned Defendants, the Court has found that the complaint sufficiently alleges a cognizable claim that they were deliberately indifferent to Plaintiff's serious medical needs for, among other reasons, increasing his mobility restrictions and causing his transfer from H-Unit Facility B to South Block without any classification committee hearing. However, Plaintiff's aforementioned vague and conclusory allegations—that the aforementioned Defendants' action of conspiring to cause the transfer (from H-Unit to South Block) without a hearing—do not state a

1  claim for conspiracy.  Specifically, Plaintiff does not indicate with any degree of specificity

2  exactly what actions each of these Defendants took to conspire to cause his transfer without a

3  hearing.  Accordingly, Plaintiff's claim of conspiracy is DISMISSED without prejudice for failure

4  to state a claim for relief.

5          **4.   Retaliation Claims (Claims 4, 9)**

6        Retaliation by a state actor for the exercise of a constitutional right is actionable under 42

7  U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.  *See Mt.*

8  *Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  Retaliation, though it

9  is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend

10  to chill individuals' exercise of constitutional rights.  *See Perry v. Sindermann*, 408 U.S. 593, 597

11  (1972).

12        "Within the prison context, a viable claim of First Amendment retaliation entails five basic

13  elements:  (1) An assertion that a state actor took some adverse action against an inmate

14  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

15  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

16  correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

17  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under

18  section 1983 for retaliation must allege that he was retaliated against for exercising his

19  constitutional rights and that the retaliatory action did not advance legitimate penological goals,

20  such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th

21  Cir. 1994) (per curiam) (same); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (contention

22  that actions "arbitrary and capricious" sufficient to allege retaliation).

23        Here, Plaintiff alleges that Defendants Alvarez and Martin "conspired to retaliate against

24  Plaintiff by a) refusing to notify the assigned H-Unit CC-I of mobility change to DPP/DPM,

25  preventing Plaintiff from being seen before an H-Unit Classification Committee; b) failed to notify

26  [him] of increase DPP/DMP Status; c) failed to notice primary care provider & request for an

27  H&P; d) improperly removed [him] from H-Unit to South Block to isolate [him] from access to H-

28  Unit personnel; engaging in an egregious abuse of power and to punish Plaintiff for maintaining

*United States District Court*
*Northern District of California*

[a] civil rights action against [Sergeant] Wingo, see *Packnett v. Wingo*, CIV-09-0327-YGR (PR)." Dkt. 1 at 50-51.  Plaintiff further alleges that Defendants Alvarez, Wiggins, and Gray "set up a retaliatory sub-facility transfer, used to set up a prison to prison transfer to Donovan Ad/S[e]g" to punish him for filing his previous lawsuit against Sergeant Wingo.  *Id.* at 56.  Liberally construed, Plaintiff's allegations satisfy the pleading requirements for a First Amendment retaliation claim against Defendants Alvarez, Martin, Wiggins, and Gray.

### 5.   Violation of Rights Under *Armstrong* Remedial Plan (Claim 7)

Plaintiff claims that the actions of Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell of improperly transferring him from H-Unit to South Block without a hearing deprived him of his rights under the *Armstrong* Remedial Plan in *Armstrong v. Brown*, Case No. C 94-2307 CW.  Dkt. 1 at 54-55.  If Plaintiff's relief requests are for matters actually covered by *Armstrong*, his recourse is not to file it as a claim in this civil action but instead is to seek help from class counsel in *Armstrong*.  "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action."  *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  If Plaintiff wants to complain about a perceived failure to comply with some order in *Armstrong*, he may contact the Plaintiffs' class counsel, as directed below.  Therefore, the Court DISMISSES without prejudice all claims relating to a violation of Plaintiff's rights under the *Armstrong* Remedial Plan against the aforementioned Defendants.

### 6.   Claim Relating to Grievance System (Claim 14)

Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the States.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

However, Title 15 of the California Code of Regulations, section 3084, et seq. grants state prisoners the right to a prison appeals process.  The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth

United States District Court
Northern District of California

1   no substantive standards.  Instead, they provide for flexible appeal time limits, *see* Cal. Code

2   Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee

3   for filing an appeal," *id.* § 3084.1(d).  A provision that merely sets procedural requirements, even

4   if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  *Smith v.*

5   *Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see, e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430

6   (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected

7   liberty interest requiring procedural protections of Due Process Clause).  Accordingly, a prison

8   official's failure to process grievances, without more, is not actionable under section 1983.  *See*

9   *Ramirez*, 334 F.3d at 860; *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

10      Although there is a First Amendment right to petition government for redress of

11  grievances, there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d 728

12  (8th Cir. 1991) (prisoner's right to petition the government for redress "is not compromised by the

13  prison's refusal to entertain his grievance").

14      Here, Plaintiff alleges that he was conspired against by Defendants Hays and Davis, who

15  prevented him from using the prison's grievance process to its full extent.  Dkt. 1 at 61-62.

16  Therefore, liberally construing the complaint, the Court finds that Plaintiff has stated a cognizable

17  due process claim relating to the prison grievance system again Defendants Hays and Davis.

18                  **7.  State Law Claims**

19      Plaintiff alleges various violations of provisions of California constitutional and statutory

20  law during his incarceration at SQSP.  Dkt. 1 at 65.  The federal supplemental jurisdiction statute

21  provides that "'district courts shall have supplemental jurisdiction over all other claims that are so

22  related to claims in the action within such original jurisdiction that they form part of the same case

23  or controversy under Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).

24  Liberally construed, Plaintiff's allegations satisfy the statutory requirement.

25      Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law

26  claims.

27                  **CONCLUSION**

28  For the foregoing reasons, the Court orders as follows:

United States District Court
Northern District of California

1.    Plaintiff's claims relating to all problems during his incarceration at CIM are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in a new civil rights action in the Eastern Division of the United States District Court for the Central District of California.

2.    Plaintiff's claims relating to all problems during his incarceration at RJDCF are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in a new civil rights action in the United States District Court for the Southern District of California.

3.    Plaintiff's disability discrimination claim against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell, who are individual prison officials, are DISMISSED WITH PREJUDICE.  If Plaintiff names SQSP and the CDCR as Defendants, then his ADA and Section 504 claims against these public entitles are DISMISSED WITH LEAVE TO AMEND, as directed above.  Within **twenty-eight (28) days** of the date of this Order, Plaintiff may file an amended disability discrimination claim as set forth above in Section II(B)(1) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.)  The amended claim must be submitted on an amendment to the complaint.  It must include the caption as well as the civil case number of this action (C 15-1229 YGR (PR)) and the words "AMENDMENT TO THE COMPLAINT" on the first page.  The failure to do so will result in the dismissal without prejudice of Plaintiff's disability discrimination claim.

4.    Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell.

5.    Plaintiff's claim of conspiracy against Defendants Alvarez, Martin, Wiggins, and Gray is DISMISSED WITHOUT PREJUDICE.

6.    Plaintiff states a cognizable First Amendment retaliation claim against Defendants Alvarez, Martin, Wiggins, and Gray.

7.    Plaintiff's claims relating to a violation of his rights under the *Armstrong* Remedial Plan are DISMISSED WITHOUT PREJUDICE.  If Plaintiff wants to complaint about a perceived failure to comply with some order in *Armstrong*, he may contact the Plaintiffs' class counsel at this address:  Donald Specter, Esq., Prison Law Office, 1917 Fifth Street, Berkeley, CA 94710.

8.    Plaintiff states a cognizable due process claim relating to the prison grievance

1   system again Defendants Hays and Davis.

2       9.      The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

3       10.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

4   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

5   and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants at SQSP:

6   **Doctors Fernand Alvarez and Alison Pachynski; Correctional Counselors B. Martin and F.**

7   **Gray; Acting Facility Captain V. Wiggins; Classification Staff Representative B. Powell; and**

8   **Appeals Coordinators S. Hays and M. L. Davis.** The Clerk shall also mail a copy of the

9   complaint and a copy of this Order to State Attorney General's Office in San Francisco.

10  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

11      11.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

12  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

13  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

14  behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to

15  bear the cost of such service unless good cause be shown for the failure to sign and return the

16  waiver form.  If service is waived, this action will proceed as if Defendants had been served on the

17  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be

18  required to serve and file an answer before **sixty (60) days** from the date on which the request for

19  waiver was sent.  (This allows a longer time to respond than would be required if formal service of

20  summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the

21  waiver form that more completely describes the duties of the parties with regard to waiver of

22  service of the summons.  If service is waived after the date provided in the Notice but before

23  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on

24  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

25  whichever is later.

26      12.     Defendants shall answer the complaint in accordance with the Federal Rules of

27  Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

28      a.      No later than **sixty (60) days** from the date their answer is due, Defendants

United States District Court
Northern District of California

12

shall file a motion for summary judgment or other dispositive motion.  The motion must be

supported by adequate factual documentation, must conform in all respects to Federal Rule of

Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice

so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss

for failure to exhaust available administrative remedies must be accompanied by a similar notice.

However, the Court notes that under the new law of the circuit, in the rare event that a failure to

exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

*Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,

1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under

the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an

unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the

complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary

judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to

Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.

*Id.*  But if material facts are disputed, summary judgment should be denied and the district judge

rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

　　　　If Defendants are of the opinion that this case cannot be resolved by summary judgment,

Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All

papers filed with the Court shall be promptly served on Plaintiff.

　　　　　　b.　　Plaintiff's opposition to the dispositive motion shall be filed with the Court

and served on Defendants no later than **twenty-eight (28) days** after the date on which

Defendants' motion is filed.

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

13.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

14.      All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

15.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

16.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

        IT IS SO ORDERED.

Dated: July 10, 2015

                        _____
                        YVONNE GONZALEZ ROGERS
                        United States District Court Judge

United States District Court
Northern District of California

15