UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH JEROME PACKNETT,

Plaintiff,

v.

FERNAND ALVAREZ, et al.,

Defendants.

Case No.  15-cv-01229-YGR  (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PENDING MOTION; SCREENING PLAINTIFF'S AMENDMENT TO THE COMPLAINT; AND SETTING NEW BRIEFING SCHEDULE**

## I.   BACKGROUND

This is a civil rights action filed by Plaintiff Kenneth Jerome Packnett, a state prisoner currently incarcerated at the R. J. Donovan Correctional Facility ("RJDCF"), in which he alleged that Defendants violated his constitutional rights while he was housed at San Quentin State Prison ("SQSP") from November through December 2012.  Plaintiff, who claims he suffers from severe mobility impairment, alleges numerous claims stemming from his November 2012 sub-facility transfer from H-Unit Facility B to South Block without any classification committee hearing prior to the transfer.  The alleged constitutional violations at SQSP ended on December 26, 2012, which is the date that Plaintiff was transferred from SQSP to RJDCF, with layovers at the California Training Facility and the California Institution for Men ("CIM").  Plaintiff seeks monetary and punitive damages as well as declaratory relief.

In his original complaint, Plaintiff named the following Defendants at SQSP: Doctors Fernand Alvarez and Alison Pachynski; Correctional Counselors B. Martin and F. Gray; Acting Facility Captain V. Wiggins; Classification Staff Representative B. Powell; Appeals Coordinators S. Hays and M. L. Davis.  He also named the following Defendants at CIM: Associate Warden D. King; Chief Deputy Warden M. M. Hill; Appeal Examiner R. Briggs; and Warden "John Doe."  Finally, he named the following Defendants in relation to his claims at RJDCF: Warden Daniel Paramo; Doctors G. Casian, K. Seeley, Robert Medrano and J. Nickolic; Third Level of Appeals Chief J. D. Lozano; and Office of Appeals Chief L. D. Zamora.

In an Order dated July 10, 2015, the Court screened Plaintiff's original complaint and ordered as follows:

1.      Plaintiff's claims relating to all problems during his incarceration at CIM were dismissed without prejudice to Plaintiff refiling them in a new civil rights action in the Eastern Division of the United States District Court for the Central District of California.

2.      Plaintiff's claims relating to all problems during his incarceration at RJDCF were dismissed without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Southern District of California.

3.      Plaintiff's disability discrimination claim against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell, who are individual prison officials, were dismissed with prejudice.  If Plaintiff had chosen instead to name SQSP and the CDCR as Defendants, then his ADA and Section 504 claims against these public entitles would have been dismissed with leave to amend.  Plaintiff was directed that he may file an amended disability discrimination claim within twenty-eight days of the Court's July 10, 2015 Order.  Plaintiff was instructed that he "shall resubmit only that claim and not the entire complaint."  He was further instructed that the amended claim must be submitted on an amendment to the complaint, that it must include the caption as well as the civil case number of this action (C 15-1229 YGR (PR)), and that it must include the words "AMENDMENT TO THE COMPLAINT" on the first page.  Plaintiff was warned that the failure to do so would result in the dismissal without prejudice of Plaintiff's disability discrimination claim.

4.      Plaintiff stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell.

5.      Plaintiff's claim of conspiracy against Defendants Alvarez, Martin, Wiggins, and Gray was dismissed without prejudice.

6.      Plaintiff stated a cognizable First Amendment retaliation claim against Defendants Alvarez, Martin, Wiggins, and Gray.

7.      Plaintiff's claims relating to a violation of his rights under the Armstrong Remedial Plan were dismissed without prejudice.

8.      Plaintiff stated a cognizable due process claim relating to the prison grievance system again Defendants Hays and Davis.

9.      The Court exercised supplemental jurisdiction over Plaintiff's state law claims. *See* Dkt. 5 at 11-12.

The Court then directed the Clerk to serve the complaint and issued a briefing schedule for

2

the served Defendants to file a dispositive motion.  *See id.* at 12-15.

On August 14, 2015, Plaintiff filed a request for an extension of time to file his amendment to the complaint.  Dkt. 12.

In an Order dated August 26, 2015, the Court granted Plaintiff's request for an extension of time, and directed Plaintiff to file his amendment to the complaint no later than twenty-eight days from the date of this Order.  Dkt. 15.  Plaintiff was again instructed that he may amend only the disability discrimination claim and not the entire complaint.  *Id.* at 1.

On September 11, 2015, Defendants Wiggins, Alvarez, Pachynski, Gray, Davis, and Martin answered Plaintiff's complaint.  Dkt. 17.

On September 29, 2015, Defendant Hay answered the complaint.  Dkt. 19.

On October 1, 2015, Plaintiff filed his Amendment to the Complaint.  Dkt. 21.

On October 22, 2015, Defendants filed a Motion to Strike Plaintiff's Amendment to the Complaint on the grounds that it was untimely under Rule 12(f) of the Federal Rules of Civil Procedure.  Dkt. 22.  In the alternative, Defendants request that the Court screen Plaintiff's Amendment to the Complaint under 28 U.S.C. § 1915A.  *Id.* at 3-4.  Defendants also filed a motion for an extension of time to file a dispositive motion.  Dkt. 23.

On November 6, 2015, Plaintiff filed a response to Defendants' motion to strike.  Dkt. 27.

In an Order dated December 4, 2015, the Court granted Defendants' motion for an extension of time to file a dispositive motion up to twenty-eight days after it rules on Defendants' pending Motion to Strike Plaintiff's Amendment to the Complaint.  Dkt. 30.

On January 19, 2016, Defendant Powell answered the complaint.  Dkt. 32.

## II.    DISCUSSION

### A.    Defendants' Motion to Strike

Defendants move the Court to strike Plaintiff's Amendment to the Complaint as untimely under Rule 12(f) of the Federal Rules of Civil Procedure.  Dkt. 22.  Defendants claim that Plaintiff's Amendment to the Complaint was due on August 7, 2015, which was twenty-eight days

3

United States District Court
Northern District of California

after the Court's July 10, 2015 Order.  *Id.* at 3.  However, the Court notes that because Plaintiff had been granted an extension of time in its August 26, 2015 Order, his Amendment to the Complaint was due twenty-eight days after August 26, 2015, or on September 23, 2015.  Dkt. 15 at 1.  Plaintiff's Amendment to the Complaint was signed on September 26, 2015, and thus it is deemed filed as of that date pursuant to the mail box rule.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (recognizing that the mailbox rule applies to the filing of a federal civil rights complaint).  Because Plaintiff is a *pro se* prisoner, and his Amendment to the Complaint was filed only three days after the due date, the Court finds that it was timely filed.  Therefore, the Court DENIES Defendants' Motion to Strike Plaintiff's Amendment to the Complaint as untimely.  Dkt. 22.

### B.   Review of Amended Disability Discrimination Claim

The Court GRANTS Defendant's alternate request to screen Plaintiff's Amendment to the Complaint under 28 U.S.C. § 1915A.  Dkt. 22.

First, the Court notes that it only gave Plaintiff leave to amend his disability discrimination claim; therefore, it will only review the allegations relating to that claim in his Amendment to the Complaint.  All other claims will not be reviewed, including the re-alleged disability discrimination claims against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell which have been previously dismissed with prejudice in the Court's July 10, 2015 Order.  Dkt. 5 at 4.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

U.S. 42, 48 (1988).

In his Amendment to the Complaint, Plaintiff has filed his amended disability

discrimination claim against SQSP and the CDCR.  Dkt. 21 at 4-5.  Plaintiff states as follows:

> 16.   On October 17, 2011, Plaintiff was diagnosed with a "Mobility Impairment," Chronic Lower Extremity Weakness . . . ambulatory with a cane.  On June 3, 2011, Plaintiff was diagnosed with "Severe Canal Stenosis, Severe Bilateral Disk Disease with Foraminal narrowing with Nerve Root Impingement.["]  Including Degenerative changes at multiple levels of Lumbar Spine.  Exhibit B, Attachment VIII.  Medical Chrono's indicated no prolonged sitting, no stooping or bending over, identifying Plaintiff as "Mobility Impaired."  (walking is a major life activity).  Plaintiff was qualified to participate in every program or service held in H-Unit, including "Classification Hearing.["]
>
> 17.   Plaintiff was arbitrarily excluded from participating in H-Unit Classification Committee Hearing by a non-treating physician from outside of H[-]Unit who increased disability level without Notice, Warning or consult with one of the Plaintiff's primary care physicians.  Every part of H-Unit was accessible to individuals with disabilities, and upon information and belief [SQSP] and [the CRCD] both receive federal funding.  At that time, Plaintiff was housed in H-Unit, Facility B, a general population low security unit at SQSP.  Plaintiff's medical needs are complex and involved three (3) treating physicians, one primary care physician and two specialist[s]; Dr. Clarene David, M.D. (P&S); Dr. Denise Ricker, M.D.[,] Nephrologist; and Dr. John Panagotacos, M.D., Neurologist.

*Id.*

Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.§ 12101 et seq.,

and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a),

prohibit discrimination on the basis of disability in the programs, services or activities of a public

entity.  The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a

qualified individual with a disability; (2) that the plaintiff was either excluded from participation

in or denied the benefits of a service, program, or activity of a public entity, or was otherwise

discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or

discrimination was by reason of disability.  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th

2001); 42 U.S.C. § 12132.  A cause of action under Section 504 of the Rehabilitation Act

essentially parallels an ADA cause of action.  *See Olmstead v. Zimring*, 119 S. Ct. 2176, 2182 (1999); *Duvall*, 260 F.3d at 1135.

In his Amendment to the Complaint, Plaintiff seems to raise the same conclusory allegations that he made in his original complaint, including that he was discriminated against because of his disability.  In addition to the aforementioned allegations, Plaintiff also states as follows:

> Plaintiff is an individual diagnosed with a severe mobility impairment along with a degenerative back disorder; but was otherwise qualified to [be a] participant in H-Unit Program & Classification Hearing.  Plaintiff was excluded and denied the benefits of San Quentin H-Unit services, activities, and Classification Hearing.  Such exclusion was based on an increase in mobility impairment level, (allegedly because he could not do stairs) which was by reason of his disability.  Plaintiff was treated differently than all other non-disabled prisoner housed in H-Unit.

Dkt. 21 at 7.  Even after being directed to do so, Plaintiff does not specifically allege how he was treated differently than similarly-situated non-disabled inmates, and he does not elaborate on his conclusory allegation that he was excluded from participation in "H-Unit services [and] activities" because of his disability.  Plaintiff's allegations lack the specifics required for an ADA or Rehabilitation Act claim, such as a description of the "public services, programs, and activities" that Plaintiff was allegedly denied.  Instead, Plaintiff only specifically alleges that he was excluded and denied the benefits of "H-Unit Classification Committee Hearing."  Dkt. 21 at 5.  However, the Court has previously found that Plaintiff had stated a cognizable Eighth Amendment claim relating to deliberate indifference to his serious medical needs by Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell for "increasing his mobility restrictions and causing his transfer from H-Unit Facility B to South Block without any classification committee hearing prior to the transfer."  Dkt. 5 at 6.

In sum, in his attempt to amend his disability discrimination claim, Plaintiff indicates he suffers from a disability relating to his "sever mobility impairment," but he fails to describe how he was denied equal access to prison services, programs, or activities as a result of his disability.

United States District Court
Northern District of California

6

As explained above, Plaintiff's conclusory allegations do not describe the "H-Unit services [and] activities" that he was allegedly denied and fails to explain whether he was denied similar services and activities after his transfer to South Block at SQSP. *See id.* at 7, 10-11. Therefore, while Plaintiff names the proper Defendants, he has failed to state a cognizable disability discrimination claim against SQSP and the CDCR.

Accordingly, Plaintiff's ADA and Section 504 claims against SQSP and the CDCR are DISMISSED without further leave to amend.

## III.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Defendants' pending motion is DENIED in part and GRANTED in part. Dkt. 22. Specifically, Defendants' Motion to Strike Plaintiff's Amendment to the Complaint is DENIED, and their Alternative Request for Screening Order Under 28 U.S.C. § 1915A is GRANTED.

2.    The Court has screened Plaintiff's Amendment to the Complaint only as to Plaintiff's ADA and Section 504 claims against SQSP and the CDCR, which are DISMISSED without further leave to amend. All other claims in the Amendment to the Complaint were not reviewed, and as mentioned above, Plaintiff's disability discrimination claims against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell have previously been DISMISSED with prejudice.

3.    The parties shall abide by the following briefing schedule:

a.    No later than **twenty-eight (28) days** from the date of this Order, Defendants shall file their dispositive motion;

b.    Plaintiff shall file his opposition within **twenty-eight (28) days** of the filing of Defendants' dispositive motion; and

c.    Defendants' reply brief must be filed within **fourteen (14) days** of the filing of Plaintiff's opposition. Absent further order, the motion will be deemed submitted when the reply is filed.

United States District Court
Northern District of California

4.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

5.      This Order terminates Docket No. 22.

IT IS SO ORDERED.

Dated:  April 20, 2016

_____
LYONNE GONZALEZ ROGERS
United States District Judge

8