UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FERNAND ALVAREZ, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01229-YGR (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

The following background is taken from the Court's July 10, 2015 Order:

> Plaintiff, a state prisoner currently incarcerated at the R. J. Donovan Correctional Facility ("RJDCF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights while he was housed at San Quentin State Prison ("SQSP") from November through December 2012. Plaintiff, who claims he suffers from mobility impairment and severe back disorder, alleges numerous claims stemming from his November 2012 sub-facility transfer from H-Unit Facility B to South Block without any classification committee hearing prior to the transfer. The alleged constitutional violations at SQSP ended on December 26, 2012, which is the date that Plaintiff was transferred from SQSP to RJDCF, with layovers at the California Training Facility and the California Institution for Men ("CIM"). Plaintiff seeks monetary and punitive damages as well as declaratory relief.

Dkt. 5 at 1. In his complaint, Plaintiff named the following Defendants at SQSP: Doctors Fernand Alvarez and Alison Pachynski; Correctional Counselors B. Martin and F. Gray; Acting Facility Captain V. Wiggins; Classification Staff Representative B. Powell; Appeals Coordinators S. Hays and M. L. Davis.

The Court screened Plaintiff's complaint and recognized claims for deliberate indifference to serious medical needs, retaliation, due process, and various state law violations. See id. at 3-10. The Court dismissed Plaintiff's disability discrimination claim against Defendants Alvarez, Pachynski, Martin, Wiggins, Gray, and Powell with prejudice. Id. at 11. However, the Court granted Plaintiff leave to file an amendment to the complaint for the limited purpose of bringing a disability discrimination claim against SQSP and the California Department of Corrections and Rehabilitation ("CDCR"), which he filed on October 1, 2015. Dkt. 21.

On October 1, 2015, Plaintiff filed his amendment to the complaint. Dkt. 21.

On October 22, 2015, Defendants filed a Request to Strike Plaintiff's Amendment to the Complaint or, Alternatively, Request for Screening Order. Dkt. 22.

On April 20, 2016, the Court denied Defendants' request to strike and granted their request for a screening order, and dismissed Plaintiff's disability discrimination claims without further leave to amend. Dkt. 33.

On May 11, 2016, Plaintiff filed a motion for reconsideration of the Court's dismissal of the disability discrimination claims. Dkt. 37. The Court will construe his request as a motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9(a).[1] *See* Civil L.R. 7-9(a). Defendants have filed an opposition to Plaintiff's motion, and Plaintiff has filed a reply. Dkts. 38, 58.

For the reasons outlined below, the Court DENIES Plaintiff leave to file a motion for reconsideration of the Court's dismissal of his disability discrimination claims.

**DISCUSSION**

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *Id.* The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the

---

[1] Plaintiff has also requested "a thirty day continuance, [or] fourteen days since time is of the essence to complete this brief." Dkt. 37 at 4. However, Plaintiff's request is conclusory, and it is not supported with any reasons as to why a continuance is necessary. Moreover, Plaintiff has since requested to file an untimely reply to Defendants' opposition to his motion for reconsideration, and such a request was granted. Dkt. 57 at 2. Plaintiff's reply (dkt. 58) has been considered by the Court in its analysis of the motion at issue. Therefore, Plaintiff's motion for a continuance is DENIED as moot. Dkt. 37.

court to consider material facts which were presented to the court before such interlocutory order. Civil L.R. 7-9(b).  Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule.  Civil L.R. 7-9(c).

In the instant motion for leave to file a motion for reconsideration, Plaintiff has not shown that a material difference in fact or law exists, or that there has been an emergence of new facts or a change in the law.  Though not entirely clear, Plaintiff appears to argue that there was a failure by the Court to consider material facts.  He argues that he has been excluded from a certain program called the "Patton College Program [which is] an accredited program that accepts college credit for inmates seeking their AA degree."  Dkt. 58 at 2.  However, the Court has reviewed Plaintiff's amended claim and finds that his allegations do not correct the pleading deficiencies of his disability discrimination claims, as explained below.

Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.  The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the plaintiff was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability.  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th 2001); 42 U.S.C. § 12132.  A cause of action under Section 504 of the Rehabilitation Act essentially parallels an ADA cause of action.  *See Olmstead v. Zimring*, 119 S. Ct. 2176, 2182 (1999); *Duvall*, 260 F.3d at 1135.

In its July 10, 2015 Order, the Court stated as follows:

> . . . Plaintiff claims that he suffers from a mobility impairment and severe back disorder, and he claims that he is identified as a "handicapped person as set forth in the *Armstrong* Remedial Plan."[2]  Dkt. 1 at 4.  Plaintiff alleges that the

---

[2] *Armstrong v. Brown*, Case No. C 94-2307 CW ("*Armstrong*"), is a class action in this district concerning disability accommodations for prisoners and parolees in the CDCR.  The *Armstrong* court-ordered Remedial Plan as amended January 3, 2001 ("*Armstrong* Remedial

3

> aforementioned Defendants at SQSP discriminated against his disability by denying him "an individual determination under the *Armstrong* Remedial Plan in [the] H-Unit of Facility B, which required housing placement in an institution best suited to accommodate his medical needs." *Id.* Plaintiff adds that he is "otherwise qualified and prison officials['] action excluded him from participation in an H-Unit, Facility B Unit Classification Committee Hearing ("UCC"), prior to an improper sub-facility transfer and retaliatory prison to prison transfer." *Id.* He also alleges that Defendants Alvarez, Pachynski, Martin, Wiggins, Gray and Powell discriminated against his disability by exposing him to "an Extended Travel by State Transportation Bus" during which he was "injured" due to his "significant back disorder." *Id.* at 57.

Dkt. 5 at 4 (footnote in original). Plaintiff's disability discrimination claims were initially dismissed on the grounds that he did not allege the remaining two elements of a cognizable ADA claim, specifically that he has been excluded from participating in a prison program or service, and such exclusion is by reason of his disability. *Id.* at 6.

Thereafter, Plaintiff filed an amendment to the complaint, which the Court screened in its April 20, 2016 Order. *See* Dkt. 33. The Court noted that in his amendment to the complaint, Plaintiff "filed his amended disability discrimination claim against SQSP and the CDCR." *Id.* at 5 (citing Dkt. 21 at 4-5). The Court further explained that Plaintiff stated as follows:

> 16. On October 17, 2011, Plaintiff was diagnosed with a "Mobility Impairment," Chronic Lower Extremity Weakness . . . ambulatory with a cane. On June 3, 2011, Plaintiff was diagnosed with "Severe Canal Stenosis, Severe Bilateral Disk Disease with Foraminal narrowing with Nerve Root Impingement.["] Including Degenerative changes at multiple levels of Lumbar Spine. Exhibit B, Attachment VIII. Medical Chrono's indicated no prolonged sitting, no stooping or bending over, identifying Plaintiff as "Mobility Impaired." (walking is a major life activity). Plaintiff was qualified to participate in every program or service held in H-Unit, including "Classification Hearing.["]
>
> 17. Plaintiff was arbitrarily excluded from participating in H-Unit Classification Committee Hearing by a non-treating physician from outside of H[-]Unit who increased disability level without Notice, Warning or consult with one of the Plaintiff's primary care physicians. Every part of H-Unit was accessible to individuals with disabilities, and upon information and belief [SQSP] and [the CRCD] both receive federal funding. At that time, Plaintiff was housed in H-Unit, Facility B, a general population low security unit

---

Plan") requires the CDCR "to ensure that prisoners and parolees with disabilities are accessibly housed, that they are able to obtain and keep necessary assistive devices, and that they receive effective communication regarding accommodations." *Armstrong v. Brown*, Case No. 94-2307 CW, ECF No. 1974 (order filed January 13, 2012).

> at SQSP. Plaintiff's medical needs are complex and involved three (3) treating physicians, one primary care physician and two specialist[s]; Dr. Clarene David, M.D. (P&S); Dr. Denise Ricker, M.D.[,] Nephrologist; and Dr. John Panagotacos, M.D., Neurologist.

*Id.* The Court determined that Plaintiff "seem[ed] to raise the same conclusory allegations that he made in his original complaint, including that he was discriminated against because of his disability." *Id.* at 6. In addition to the aforementioned allegations, the Court further noted that Plaintiff also stated as follows:

> Plaintiff is an individual diagnosed with a severe mobility impairment along with a degenerative back disorder; but was otherwise qualified to [be a] participant in H-Unit Program & Classification Hearing. Plaintiff was excluded and denied the benefits of San Quentin H-Unit services, activities, and Classification Hearing. Such exclusion was based on an increase in mobility impairment level, (allegedly because he could not do stairs) which was by reason of his disability. Plaintiff was treated differently than all other non-disabled prisoner housed in H-Unit.

*Id.* (citing Dkt. 21 at 7). However, the Court found that Plaintiff's conclusory allegations in his amendment to his complaint "d[id] not describe the 'H-Unit services [and] activities' that he was allegedly denied and fail[ed] to explain whether he was denied similar services and activities after his transfer to South Block at SQSP." *Id.* at 7 (citing Dkt. 21 at 7, 10-11). Therefore, the Court dismissed the disability discrimination claims upon determining that "while Plaintiff name[d] the proper Defendants, he ha[d] failed to state a cognizable disability discrimination claim against SQSP and the CDCR." *Id.*

In the present motion, Plaintiff now attempts to indicate that he was denied the right to participate in the "Patton College Program." Dkt. 58 at 2. However, it seems that Plaintiff was not denied such a right but was merely transferred further from the program, i.e., to "South Block," which is "located on the upper yard," while "Patton College was on the lower yards." *Id.* Plaintiff complains that he was then "exposed . . . to having [to] navigate those lower yard-upper yard stairs at a minimum of 4 to 6 times a day." *Id.* Thus, the Court finds that Plaintiff has failed to show that he was excluded from the "Patton College Program." Even if Plaintiff could successfully show that he was excluded from participating in such a program, he still fails to show that such exclusion was *by reason of his disability*. Lastly, the Court finds that Plaintiff's allegations in the present motion are conclusory and do not otherwise require reconsideration.

In sum, Plaintiff's allegations in his motion for leave to file a motion for reconsideration fail to show that there was "manifest failure by the court to consider material facts which were presented to the court." *See* Civil L.R. 7-9(b).

Accordingly, Plaintiff has not established grounds for reconsideration, and his motion for leave to file a motion for reconsideration is DENIED. Dkt. 37.

This Order terminates Docket No. 37.

IT IS SO ORDERED.

Dated: November 23, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge