UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT,<br><br>Plaintiff,<br><br>v.<br><br>FERNAND ALVAREZ, et al.,<br><br>Defendants. | Case No. 15-cv-01229-YGR (PR)<br><br>**ORDER REGARDING MOTION FOR ADMINISTRATIVE RELIEF; AND GRANTING PLAINTIFF HIS FIFTH AND *FINAL* EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION** |

Plaintiff Kenneth Jerome Packnett, an indigent prisoner who is currently housed at the California Medical Facility ("CMF"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding alleged violations of his federal rights while he was incarcerated at San Quentin State Prison.

Defendants have filed a Motion for Summary Judgment and Motion to Dismiss. Dkt. 47. To date, Plaintiff has not filed an opposition even though he has been granted four extensions of time to do so. Dkts. 57, 61, 65, 68. His last opposition deadline of May 25, 2017 has passed. *See* Dkt. 68 at 1.

Before the Court is Plaintiff's filing entitled, "Discretionary Review re Extension of Time; Rule 56 Federal Rules of Civil Procedure; Declaration of Plaintiff." Dkt. 69. In this filing, Plaintiff explains that he was recently examined by a neurologist, who recommended that Plaintiff undergo "six to nine weeks of physical therapy and additional procedures." *Id.* at 2. Plaintiff also requests the following materials which are "intended to allow [him] to continue the prosecution of this complaint": 10 #2 pencils; 5 black pens; 5 yellow highlighters; 8 folders with pockets; 4 hours of law library access on both Saturday and Sunday; and 50 sheets of lined legal paper. *Id.* at 2-3. Plaintiff claims he is "indigent and unable to pay [for] 15 legal lined 1-28 pages . . . ." *Id.* at 3. Plaintiff also requests that the Court order prison medical staff to "refer [him] to be seen by [an] optometr[ist] [because his] bi-focals broke two months ago." *Id.* However, the Court notes that nowhere in this filing has Plaintiff alleged that he has made such requests from CMF or that CMF

officials have refused to provide him with the aforementioned materials, law library access or an optometry appointment. *See id.* at 1-3. Instead, Plaintiff has filed a document, which will be construed as a motion for administrative relief from this Court directing CMF officials to provide him with his aforementioned requests.

Although CMF is not a party to this action, it is well established that indigent prisoners must be provided with a writing instrument and paper, and other materials such as envelopes and postage, necessary to draft and file legal documents. *See Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991); *King v. Atiyeh*, 814 F.2d 565, 565 (9th Cir. 1987). In *Bounds*, the United States Supreme Court also held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828.

In view of this, Plaintiff's motion is GRANTED in part and DENIED in part. The Court DENIES Plaintiff's motion for an order directing CMF prison officials to provide him with his specific aforementioned requests because he has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in the name of constitution). To the extent that Plaintiff is requesting *reasonable access* to such materials necessary to draft and file legal documents, the Court GRANTS his motion. The Court requests that CMF officials provide Plaintiff with reasonable access to the law library as well as paper and a writing instrument in order for him to comply with this Court's Orders and deadlines.

In light of Plaintiff's most recent filing, the Court finds that Plaintiff may be granted a brief fifth and *final* extension of time to file his opposition to Defendants' Motion for Summary Judgment and Motion to Dismiss. The time in which Plaintiff may file his opposition to Defendants' dispositive motion will be extended up to and including **July 21, 2017**. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

**This is Plaintiff's *final* extension, and no further extensions will be granted.**

2

The Clerk of the Court is instructed to serve a copy of this Order on the Litigation Coordinator's Office at the California Medical Facility, 1600 California Avenue, Vacaville, CA 95696.

This Order terminates Docket No. 69.

IT IS SO ORDERED.

Dated: June 28, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge