UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT, Plaintiff, v. FERNAND ALVAREZ, et al., Defendants. | Case No. 15-cv-01229-YGR (PR) **ORDER DENYING MOTION FOR RECONSIDERATION** |

This federal civil rights action was filed by a *pro se* state prisoner. On September 21, 2017, the Court issued an order granting Defendants' motion for summary judgment and motion to dismiss. Dkt. 80. The Court also denied Plaintiff's request for a seventh extension of time to file a complete opposition. *Id.* Judgment was entered accordingly. Dkt. 81.

Plaintiff since has filed a motion for reconsideration, which is the subject of this Order, and a Notice of Appeal. Dkts. 82, 83. Where the Court's ruling has resulted in a final judgment or order (e.g., after summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, Plaintiff's motion contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Nor does the motion contain a showing of newly-discovered evidence, set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; plaintiff offers no other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Instead, in the instant motion, Plaintiff focuses on the Court's decision to deny his motion for a seventh extension of time to file a complete opposition, and he requests reconsideration based on the fact that he "was admitted [to the hospital] on September 13, 2017 [and] had another invasive surgery with a metal rod inserted which ran from the right knee to right ankle, connected to two planks on both sides of [his] ankle." Dkt. 82 at 2-3. Plaintiff supports his claim with various medical records and his declaration, in which he specifies that he had fractured his leg on September 13, 2017. *Id.* at 13.

In its September 21, 2017 Order, the Court found that no further extension were warranted because Plaintiff had been granted over ten months' worth of extensions, stating as follows:

> On the final page of his five-page opposition filed on August 14, 2017, *see* dkt. 74 at 5, Plaintiff claims that he was "unable to finish" his opposition, even though he has been granted six extensions of time to do so, *see* dkts. 57, 61, 65, 68, 70, 72. While Plaintiff has had an abundance of time to file a ***complete*** opposition to Defendants' motion by the latest deadline of August 7, 2017, he has failed to do so. On August 23, 2017, Plaintiff sent a letter to the Court claiming that his attempts to finish his opposition had been "compromised" due to an alleged lack of law library access. Dkt. 75 at 1-2. On August 31, 2017, Plaintiff filed a request for a seventh extension of time to file a complete opposition. Dkt. 77. Defendants filed an opposition to the extension request, and they submitted law library attendance records from Senior Librarian Y. Cheng demonstrating that Plaintiff visited the law library approximately eighty-six times from September 2016 through August 2017. Cheng Decl. ¶ 7, Ex. A. The Court finds that Plaintiff has had an overwhelming amount of time from the six extensions—equating to almost ten months' worth of extensions—to file his opposition, because the original due date was October 11, 2016. There is also ample evidence showing that Plaintiff had extensive access to the law library in order to complete his opposition during the last eleven months. *See id.* Therefore, the Court DENIES Plaintiff's request for a seventh extension of time to file a complete opposition. Dkt. 77. In the absence of what Plaintiff considers to be a complete opposition, the Court explains below that it has relied upon the allegations in Plaintiff's verified complaint in opposition to Defendants' motion, *see* Dkt. 1, and, as required under the case law, has construed all facts in the light most favorable to Plaintiff, *see Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).

Dkt. 80 at 3 fn. 1. The Court further notes that Plaintiff's alleged September 13, 2017 injury (fracture) and hospitalization occurred more than a month *after* the "latest deadline" for filing his complete opposition—August 7, 2017. *See id.* Plaintiff also takes issue with the fact that the Court noted that he had ten months' worth of law library access and "had more than enough time

2

to complete [his] opposition to [Defendants'] motion for summary judgment." Dkt. 82 at 16. Plaintiff argues that his law library access was "1st come, 1st serve, with thirty or forty inmates [during] each session; with ten (10) computers and three (3) typewriters." *Id.* While Plaintiff seems to be alleging that he had limited law library access, the Court notes that Plaintiff does not allege that he was ever *denied* law library access. As mentioned in the Court's September 21, 2017 Order, Plaintiff visited the law library "*eighty-six times* from September 2016 through August 2017" and thus, he had "*extensive* access" to the library in order to complete his opposition during the eleven-month time frame. Dkt. 80 at 3 fn. 1 (emphasis added). Further, Plaintiff does not specify in the instant motion what other possible arguments he would have included in opposition to Defendants' dispositive motions. *See* Dkt. 82. Finally, as mentioned above, Plaintiff has not established any basis for reconsideration under either Rule 59(e) or Rule 60(b). *See id.*

Accordingly, Plaintiff's motion for reconsideration is DENIED. Dkt. 82. The Clerk of the Court shall send a copy of this Order to the parties and to the Ninth Circuit.

This Order terminates Docket No. 82.

IT IS SO ORDERED.

Dated: January 31, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge